UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EMILIO PINERO,
    Plaintiff,
vs.

RHC INVESTMENT GROUP, LLC, and
ORWALL ENTERPRISES, INC. d/b/a
BURGER KING,
    Defendants.

## COMPLAINT

Plaintiff, EMILIO PINERO (hereinafter "Plaintiff"), by his undersigned counsel, hereby files this Complaint and sues Defendants, RHC INVESTMENT GROUP LLC and ORWALL ENTERPRISES, INC. d/b/a BURGER KING (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION

1.    This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

## PARTIES

2.    Plaintiff, EMILIO PINERO, is a resident of Florida and currently lives in Miami, Florida, and is *sui juris*. He is a qualified individual with disabilities under the ADA law. Mr. Pinero is a double leg amputee from the knees down. Mr. Pinero owns his own vehicle and does drive. He has visited the property, which forms the basis of this lawsuit and plan to return to the property to avail himself of the goods and services offered to the public at the property, and to

determine whether the property has been made ADA compliant. His access to the Burger King and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities and will be denied and/or barriers to access and ADA violations which exist at the Burger King, including but not limited, to those set forth in the Complaint.

3.   Independent of his personal desire to have access to this place of public accommodation free of illegal barriers to access Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA. Independent of other subsequent visits, Plaintiff also intends to visit the Premises regularly to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the Subject Property. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited the Subject Property/Burger King, encountered barriers to access at the Premises, engaged and tested those barriers, suffered legal harm and legal injury and will continue to suffer such harm and injury as a result of the illegal barriers to access and the violations of the ADA set forth herein. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

4.   Defendant, RHC INVESTMENT GROUP, LLC, transacts business in the State of Florida and within this judicial district. Defendant is the owner and/or representative of the owner and/or operator of the property, which is the subject of this action, located on or about 775 E. 9th St., Hialeah, FL 33010 (hereinafter sometimes referred to as the "Subject Property").

5. Defendant, ORWAL ENTERPRISES, INC. transacts business in the State of Florida and within this judicial district. Defendant is the owner and/or operator of the Fast Food Restaurant BURGER KING, which is the subject of this action, located on or about 775 E. 9th St., Hialeah, FL 33010 (hereinafter sometimes referred to as the "Burger King")

6. The Burger King is in an area frequently traveled by Plaintiff and is approximately 7 miles from the Plaintiff's home

7. The Burger King is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

8. In this instance, Mr. Pinero visited the Burger King and encountered barriers to access at the Subject Property, and engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendants' ADA violations set forth herein.

9. Plaintiff is forced to find alternate places to dine because the Burger King's restroom and parking are not accessible.

10. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Subject Property and the actions or inactions described herein.

11. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the Subject Property/Burger King are located in the Southern District.

## FACTUAL ALLEGATIONS AND CLAIM

12. Mr. Pinero has attempted to and has, to the extent possible, accessed the Burger King, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Property that restrict and/or

limit his access to the Subject Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

13. Mr. Pinero intends to visit the Burger King again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the Subject Property, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Property that restrict and/or limit his access to the Facility and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

14. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Burger King, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv) and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

15. Defendants have discriminated against Mr. Pinero by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Burger King include:

<u>Men's Accessible Restroom</u>

 a. Water closet side wall grab bar is mounted at 13.5" perpendicular from rear wall to centerline of its inner flange contrary to 2010 ADA Code § 604.5.1,

 b. Lavatory has unwrapped bottom sink pipes failing to maintain cover against contact contrary to 2010 ADA Code § 606.5,

 c. Lavatory is mounted at 35.5" above the finished floor to the top of rim contrary to 2010 ADA Code § 606.3,

 d. Trash bin encroaches over the water closet clearance failing to maintain the water closet clear floor space free of obstructions contrary to 2010 ADA Code § 604.3.2,

 e. Clearance around the water closet or toiler compartment is 36" wide contrary to 2010 ADA Code § 604.3.1c, and

<u>Accessible Parking Spaces</u>

 f. Accessible parking space and access aisle has a 4.3% non-compliant surface slope contrary to 2010 ADA Code § 502.4.

16. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Subject Property. Plaintiff requires an inspection of the Subject Property in order to determine all of the discriminatory acts violating the ADA.

17. Mr. Pinero has attempted to gain access to the Burger King, but because of his disability has been denied access to, and has been denied the benefits of goods and services of the Burger King, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

18. Plaintiff, in his capacity as a tester will absolutely return to the Burger King when Defendants modify the Subject Property or modify the policies and practices to accommodate

individuals who have physical disabilities to confirm said modifications have been completed in accordance with the requirements of the ADA

19. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

20. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Subject Property, including those set forth herein.

21. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

22. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Property until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Property until the barriers are removed and requisite alterations are

completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

                                          Respectfully submitted,

                                          <u>s/ Glenn R. Goldstein</u>
Glenn R. Goldstein, Esq. (FBN: 55873)
   *Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
1825 NW Corporate Blvd., Ste. 110
Boca Raton, Florida 33431
T: 305.306.7674 | F: 305.400.0722
GGoldstein@G2Legal.net

Lauren N. Wassenberg, Esq. (FBN: 34083)
   *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
1825 NW Corporate Blvd., Ste. 110
Boca Raton, Florida 33431
T: 561.571.0646 | F: 561.571.0647
WassenbergL@gmail.com